UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD WILLIAMS,

                Plaintiff,

-v-

CARRIE N. STEPHENS and SHEREE GOODE,

                Defendants.

18-CV-11968 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Donald Williams was incarcerated for approximately seventeen days in the winter of 2017. Claiming that he was wrongfully incarcerated, Williams seeks damages against two probation officers — Carrie N. Stephens and Sheree Goode — under 42 U.S.C. § 1983 and New York state law.

Stephens has moved to dismiss, arguing that this Court lacks personal jurisdiction over her. Goode has moved for summary judgment. For the reasons that follow, both motions are granted and the case is dismissed.

**I.    Background**

Unless stated otherwise, the following facts are undisputed and, for purposes of the defendants' motions, are assumed to be true.

In 2014, Donald Williams was convicted and sentenced in Virginia for making a bomb threat. (Dkt. No. 1 ("Compl.") ¶ 7.) He received a five-year sentence, fully suspended, and three years of probation. (*Id.*) Williams then moved to New York, where his probation officer was Sheree Goode. (*Id.*)

On May 24, 2017, Carrie N. Stephens, a probation officer in Virginia, was preparing to close Williams's case when she discovered that Williams had been arrested in New York earlier

1

that year. (Dkt. No. 24 at 3.) As a result, a request for information about those arrests was entered into the Interstate Compact Offender Tracking System, or ICOTS, a system used by probation officers located in different states to communicate with each other. (Dkt. No. 24 at 2–3.) In New York, Goode entered a report in response stating that the "probationer is at liberty and has not made contact with the NYC Department of Probation nor the undersigned P.O." (Dkt. No. 24 at 3.) According to Williams, this report was inaccurate because he had in fact been reporting to Goode. (Dkt. No. 26 at 4.)

Later that same day, a Virginia probation officer entered another request for information, this time asking when Williams last had contact with Goode in New York. (Dkt. No. 26 at 4–5.) After some investigation, Goode entered a progress report into ICOTS on July 10, 2017, that provided an update about Williams's whereabouts. (Dkt. No. 24 at 4.)

On June 28, 2017, Stephens reported to a court in Virginia that Williams had violated the terms of his probation. (*Id.*; Compl. ¶ 8.) The court issued a warrant for Williams's arrest. (Compl. ¶ 9.) On December 18, 2017, Stephens requested that the court rescind the warrant because she had been erroneously informed that Williams was not reporting to Goode when, in fact, he was. (Dkt. 22-2 ¶ 18.) As a result, the warrant was rescinded. (Compl. ¶ 13.)

Meanwhile, on November 30, 2017, Williams was arrested on unrelated charges in New York. (Compl. ¶ 10.) The charges were eventually dismissed. (Compl. ¶ 12.) But because Williams was unable to post bail, he was detained for approximately seventeen days. (Compl. ¶¶ 10, 12.) Williams alleges that if there had been no outstanding arrest warrant in Virginia, there would have been no bail. (Compl. ¶ 10.)

Goode claims that she had no knowledge of Williams's November arrest or detention until the commencement of this case. (Dkt. No. 24 at 4.) Williams claims, however, that his

attorney contacted Goode in December 2017 and asked her about his probation. (Dkt. No. 26 at 7.) According to Williams, Goode reported that Williams had not violated the terms of his probation. (*Id.*)

On December 19, 2018, Williams sued Stephens and Goode for his arrest, detention, and prosecution. (*See* Compl. at 6–7.) The complaint seeks compensatory and punitive damages, as well as attorney's fees. (Compl. at 7.) In response, Stephens has moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Dkt. No. 15), and Goode has moved for summary judgment under Federal Rule of Civil Procedure 56. (Dkt. No. 21.)

## II. Legal Standard

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). Thus, for purposes of Stephens's motion to dismiss for lack of personal jurisdiction, all well-pleaded facts in the complaint are accepted as true. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 56 (2d Cir. 2012).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is material if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is genuine if, considering the record as a whole, a rational jury could find in favor of the nonmoving party, *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The court should view all evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citation omitted). But the nonmoving party cannot rely upon mere "conclusory statements,

conjecture, or speculation" to meet its burden. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (citing *Matsushita*, 475 U.S. at 587).

**III. Discussion**

Defendant Stephens has moved to dismiss under Rule 12(b)(2), claiming lack of personal jurisdiction. Defendant Goode has moved for summary judgment under Rule 56.

**A. Stephens's Motion to Dismiss**

First, the question of personal jurisdiction over Stephens. A federal court generally cannot proceed to the merits of a case without first determining that it has personal jurisdiction over the defendants. *See Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Here, Stephens argues that this Court lacks jurisdiction over her because she is a Virginia resident who has not contracted business, provided goods or services, or owned real property in New York. (Dkt. No. 16 at 4).

The personal jurisdiction inquiry comprises two steps. First, the court must determine whether the forum state's long-arm statute — here, New York's — authorizes personal jurisdiction. *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). If so, the court must then determine whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. *See id.* at 164.

New York's long-arm statute authorizes only four bases for personal jurisdiction. *See* N.Y. C.P.L.R. § 302. Three of them are plainly inapplicable. First, New York authorizes personal jurisdiction over a defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state." *Id.* § 302(a)(1). Williams does not allege that Stephens has ever transacted any business in the state. Second, New York authorizes personal jurisdiction over a defendant who "owns, uses or possesses real property situated within the state." *Id.* § 302(a)(4). Again, Williams makes no such allegation. Third, New York

4

authorizes personal jurisdiction over a defendant who "commits a tortious act within the state." *Id.* § 302(a)(2). This provision "reaches only tortious acts performed by a defendant who was physically present in New York when [s]he performed the wrongful act." *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997). And Williams makes no allegation that Stephens was physically present in New York. Quite the opposite — the complaint alleges that Stephens was in Virginia when she made the incorrect representation to the Virginia state court. (*See* Compl. ¶ 8.) Nor does the complaint allege that Stephens was in New York when Williams's subsequent arrest occurred.

That leaves the fourth basis, which authorizes personal jurisdiction over a defendant who "commits a tortious act without the state causing injury to person or property in the state." N.Y. C.P.L.R. § 302(a)(3). As Stephens acknowledges, Williams indeed alleges that Stephens committed a tort while outside the state that caused injury to Williams. (*See* Dkt. No. 16 at 7.) But this particular provision of the long-arm statute attaches additional conditions. A defendant is subject to personal jurisdiction under this provision only if she "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state" or if she "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3)(i)–(ii). Neither condition is alleged by the complaint. The complaint therefore does not successfully establish this Court's jurisdiction over Stephens.

Williams makes two arguments in response, but neither holds water. First, Williams relies on *Scott v. National Ass'n for Stock Car Racing, Inc.*, No. 06-CV-6029, 2008 WL 217049 (S.D.N.Y. Jan. 17, 2008), arguing that in the specific context of civil rights cases, New York

courts have found personal jurisdiction in similar circumstances (Dkt. No. 20 at 4). That reliance is misplaced. *Scott* involved a tort allegedly committed by a defendant corporation and its agents while they were physically present in New York, *see id.* at *6 (citing N.Y. C.P.L.R. § 302(a)(2)). But here — as already established — Williams does not allege that Stephens was physically present in New York. *Scott*, then, is inapposite.

Second, Williams argues that dismissal is inappropriate because this case could not be brought in Virginia in its current form. (Dkt. No. 20 at 6.) That is, Williams notes that if this case were brought in Virginia, the claims against Goode would likely be dismissed for lack of personal jurisdiction. (Dkt. No. 20 at 6–8.) Williams therefore concludes that this case is best brought in New York. (Dkt. No. 20 at 8–9.)

At best, Williams's argument sounds in venue, not personal jurisdiction. It is "well established that the ability to . . . resolve related claims in a single action weighs heavily in favor of transfer [of venue]." *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 406 (S.D.N.Y. 2004). But Williams cites no case suggesting that the ability to resolve related claims in a single action is relevant to personal jurisdiction. Williams quotes at length from *Tlapanco v. Elges*, No. 15-CV-2852, 2017 WL 4329789 (S.D.N.Y. Sept. 14, 2017). But *Tlapanco* simply makes it all the more clear that Williams has confused venue and jurisdiction. In *Tlapanco*, the court determined that transfer to another forum under 28 U.S.C. § 1404 was proper because the other forum would have personal jurisdiction over the defendants. *See id.* at *4. That conclusion, however, concerns the propriety of venue transfer, not of establishing personal jurisdiction. *Tlapanco*, like *Scott*, is simply inapposite.

In the alternative, Williams requests that this entire case be transferred to Virginia. (*See* Dkt. No. 20 at 9.) This request is denied. As Williams himself recognizes, a Virginia court

would likely lack personal jurisdiction over Goode, one of the defendants. (*See* Dkt. No. 20 at 6–8.) And it is black letter law that a district court cannot transfer a suit to another forum if the movant has failed to show that the other forum would have personal jurisdiction over the defendants. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *Morris ex rel. Rector v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985).[1]

In sum, New York's long-arm statute does not authorize personal jurisdiction over Stephens. Stephens's motion to dismiss the claims against her for lack of personal jurisdiction is therefore granted.

### B. Goode's Motion for Summary Judgment

Next, the issue of summary judgment on the claims against Goode. Williams has brought § 1983 claims against Goode for false arrest, excessive detention, and malicious prosecution. (Compl. ¶¶ 15–30.) Williams has also brought state law claims against her for false arrest and excessive detention. (Compl. ¶¶ 15–24.)

Williams's sundry claims share a common defect: he has failed to sufficiently allege Goode's personal involvement in his arrest, detention, or prosecution. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)) (Sotomayor, J.). The same is true for the state law claims. *See, e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007).

---

[1] Defendant Stephens suggests, as an alternative, that the claims against her be severed and transferred to the U.S. District Court for the Eastern District of Virginia. (*See* Dkt. 25 at 7.) This Court declines the invitation. Williams has not moved for severance. (*See* Dkt. 20 at 9.) And as Williams himself argues, it would be "inequitable to require both plaintiff, defendant GOODE and any potential witnesses to travel to Virginia to litigate this matter." (*Id.*)

Personal involvement is generally a question of fact. *See Farrell*, 449 F.3d at 484. But here, even drawing all inferences in favor of Williams, no reasonable jury could conclude that Goode was personally involved in Williams's arrest, detention, or prosecution. On Williams's own account, Goode made the allegedly inaccurate entry in the ICOTS database on June 14, 2017. (Dkt. No. 26 at 4–5.) Goode had no further involvement in Williams's arrest, detention, or prosecution. (*See* Dkt. No. 26 at 3–8.) Moreover — according to Williams — when Goode was informed about the arrest and confinement, she accurately reported that Williams had successfully completed his probation without violation. (Dkt. No. 26 at 7.)

Such is not the stuff of personal involvement. Goode did not "directly" participate in Williams's arrest, detention, or prosecution. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Nor did she "supervis[e]" anyone who did. *Id.* Nor did she, "after being informed of the violation . . . fail[] to remedy the wrong" or otherwise exhibit "deliberate indifference." *Id.*

Without the requisite showing of personal involvement, Williams's claims against Goode cannot succeed. Goode's motion for summary judgment is therefore granted.

## IV. Conclusion

For the foregoing reasons, Defendant Stephens's motion to dismiss is GRANTED; and Defendant Goode's motion for summary judgment is GRANTED.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 18, 2019
      New York, New York

_____
J. PAUL OETKEN
United States District Judge