UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD WILLIAMS,
                        Plaintiff,

-v-

CARRIE N. STEPHENS and SHEREE GOODE,
                        Defendants.

18-CV-11968 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Donald Williams moves for reconsideration (Dkt. No. 34) of this Court's Opinion and Order granting summary judgment to Defendants Carrie N. Stephens and Sheree Goode (Dkt. No. 32). The motion is denied.[1]

The gravamen of Williams's argument is that there is a genuine dispute about whether Goode was "personally involved" in Williams's confinement. (Dkt. No. 3–6.) But on the facts alleged by Williams, Goode's only involvement in Williams's arrest, detention, or prosecution was the entry made by Goode in the ICOTS database on June 14, 2017. (Dkt. No. 26 at 4–5.) That does not suffice for personal involvement. *Cf. Williams v. Smith*, 781 F.2d 319 (2d Cir. 1986) ("The filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing.").

Instead, Williams faults Goode for "d[oing] absolutely nothing" after learning of Williams's confinement. (Dkt. No. 35 at 4.) But on Williams's own account, when Goode was informed about the arrest and confinement by Williams's attorney, she accurately reported that

---

[1] The Court assumes familiarity with the facts as laid out in its previous Opinion and Order. (Dkt. No. 32.)

1

Williams had successfully completed his probation without violation. (Dkt. No. 26 at 7.) That is, of course, not "doing nothing." Thus, to demonstrate personal involvement, Williams must argue that Goode erred by failing to contact someone else — in addition to Williams's attorney — to secure Williams's release. (Dkt. No. 35 at 3–4.) That argument fails as a matter of law. For an omission to establish liability under § 1983, it must amount to "gross negligence" or "deliberate indifference." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Goode's conduct, as alleged by Williams, falls far short of that requirement.[2]

Accordingly, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 34.

SO ORDERED.

Dated: October 9, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[2] There is a further problem with Williams's argument. A showing of personal involvement through the "fail[ure] to act on information" establishes liability only for "a defendant who occupies a *supervisory position*." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Williams, however, has not alleged that Goode supervised anyone who directly participated in Williams's arrest or confinement.

2